Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910
Email: mhardison@evw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

KIA MOTORS CORPORATION,
KIA MOTORS AMERICA INC., and
HYUNDAI MARINE & FIRE
INSURANCE CO., LTD.

                Plaintiffs,

-against-

ENGAGED FUTURE and
EUKOR CAR CARRIERS INC.

                Defendants.

-----------------------------------------------------------x

07 Civ. 11063 (GBD)
ECF CASE

**VERIFIED COMPLAINT
<u>IN ADMIRALTY</u>**

Plaintiffs, Kia Motors Corporation, Kia Motors America Inc. and Hyundai Marine and

Fire Insurance Co., Ltd., for their complaint against Defendants Engaged Future and Eukor

Car Carriers Inc., upon information and belief, allege as follows:

## <u>JURISDICTION</u>

1.    This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and is

an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure and Rule B of the Supplemental Rules For Certain Admiralty And Maritime

Claims.

## PARTIES

2.   At all relevant times, Plaintiff, Kia Motors Corporation, was and still is a foreign corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at 231 Yangyae-Dong, Seocho-Gu, Seoul, Korea.

3.   At all relevant times, Plaintiff, Kia Motors America Inc., was and still is a foreign corporation or other business entity organized and existing under the laws of another jurisdiction with an office and place of business located at 9801 Muirlands Boulevard, Irvine, California 92618-2521.

4.   At all relevant times, Plaintiff, Hyundai Marine & Fire Insurance Co. Ltd., was and still is a foreign corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at 178 Sejong-ro, Chongro-gu, Seoul, Korea.

5.   At all relevant times, Defendant, Engaged Future, was and still is a foreign corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located c/o Cido Shipping HK Co. Ltd., 183 Queen's Road Central, Hong Kong, Hong Kong, China.

6.   At all relevant times, Defendant, Eukor Car Carriers Inc., was and still is a foreign corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at 13th Floor Hansol Building,

736-1 Yeoksam-dong, Kangnam, 135-983, Korea.

## UNDERLYING EVENTS

7.    Defendant, Engaged Future, acts as a bailee for goods and engages in the private and common carriage of goods by water for hire, and owns the M/V MORNING IVY, which vessel regularly loads and discharges cargo in ports of the United States.

8.    Defendant, Eukor Car Carriers Inc., acts as a bailee for goods and engages in the private and common carriage of goods by water for hire, and chartered the M/V MORNING IVY, which vessel regularly loads and discharges cargo in ports of the United States.

9.    On or about July 13, 2006 and July 16, 2006, at the ports of Mokpo and Pyungtack, Korea, a cargo of Kia passenger vehicles was loaded aboard the M/V MORNING IVY, in good order and condition, which, for certain consideration, the Defendants received, accepted and agreed to transport to Brunswick, Georgia.

10.    Thereafter, the vessel arrived at Brunswick, Georgia, where part of the cargo was delivered damaged by seawater.

## CAUSE OF ACTION

11.    Paragraphs 1-10 of this Complaint are repeated and realleged as if the same were set forth here at length.

12.    Defendants, by reason of the premises, breached, failed and violated their duties, obligations and warranties as bailees and common carriers and were otherwise at fault.

-3-

13.    Plaintiffs, were the shippers, consignees, owners and/or underwriters of the cargo, and bring this action on their own behalf and on behalf of all parties who may be or become interested in the cargo, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

14.    Plaintiffs have duly performed all duties and obligations on their part to be performed.

15.    Plaintiffs, by reason of the premises, have sustained damages, as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $419,062.80.

16.    This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of Plaintiffs in respect of their claim against Defendants.

17.    Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendants have, or will shortly have, assets within this District comprising of, inter alia, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("Assets"), including but not limited to Assets at, being transferred through, or being transferred and/or wired to or from various banking institutions and/or other business entities.

18.   The total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiffs against Defendants is $419,062.80.

WHEREFORE, Plaintiffs pray as follows;

1.   That process in due form of law according to the practice of this Court may issue against Defendants;

2.   That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all assets within the district owned by Defendants or in which Defendants have a beneficial interest up to the amount of $419,062.80;

3.   That judgment be entered against Defendants and in favor of Plaintiffs in the amount of $419,062.80, plus interest, costs, and attorneys' fees; and

4.   That the Court grant such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
     December 6, 2007             EATON & VAN WINKLE LLP


By:     /s/ Michael O. Hardison
             Michael O. Hardison

     3 Park Avenue
     New York, New York 10016-2078
     (212) 779-9910

     Attorneys for Plaintiffs

## VERIFICATION

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1.    I am a member of the firm of Eaton & Van Winkle LLP, attorneys for Plaintiffs, and I make this verification on behalf of Plaintiffs.

2.    I have read the foregoing complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.  The sources of my information and the grounds for my belief are communications received from the Plaintiffs and the agents for Plaintiffs and an examination of the papers relating to the matters in suit.

3.    The reason this verification is made by the undersigned, and not made by Plaintiffs, is that Plaintiffs are foreign corporations or other business entities, no officers or directors of which are presently within this district.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
         December 6, 2007

                                        /s/ Michael O. Hardison
                                        Michael O. Hardison

## DECLARATION

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1.    I am a member of the firm of Eaton & Van Winkle LLP, attorneys for Plaintiffs, and I am familiar with the facts of this matter.

2.    I execute this declaration in compliance with the provisions of Rule B(1) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

3.    To the best of my information and belief, Defendants, Engaged Future and Eukor Car Carriers Inc., cannot be found within this District as defined by the relevant State and Federal Rules of Civil Procedure.

4.    I caused a search to be made by going to the New York State Department of State website (www.dos.state.ny.us) and searching the Corporation and Business Entity Database.  This database contained no record of Defendants being either New York corporations or foreign corporations licensed to do business in New York.

5.    I also checked the internet telephone directories for New York state and contacted the telephone information operator regarding a listing for Defendants.  None of these sources contained a listing for Defendants.

6.      I am unaware of any general or managing agents within this District for Defendants.

7.      It is for the foregoing reasons that I request, on behalf of Plaintiffs, that the Court execute the accompanying Order For Issuance of Process of Maritime Attachment and Garnishment.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
            December 6, 2007


                                        ____/s/ Michael O. Hardison____
                                              Michael O. Hardison