633-07/WLJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KIA MOTORS CORPORATION, KIA
MOTORS AMERICA INC., and HYUNDAI
MARINE & FIRE INSURANCE CO. LTD.,          07 CIV 11063 (GBD)

                        Plaintiffs,

    -against-

ENGAGED FUTURE and EUKOR CAR
CARRIERS INC.,

                        Defendants.
------------------------------------------------------------x


# DEFENDANT EUKOR'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION IN SUPPORT OF
# <u>MOTION TO DISMISS</u>


                                    FREEHILL HOGAN & MAHAR, LLP
                                    Attorneys for Defendant
                                    Eukor Car Carriers Inc.
                                    80 Pine Street
                                    New York, NY 10005
                                    (212) 425-1900 / (212) 425-1901 fax


<u>Of Counsel</u>
William L. Juska, Jr. (WJ 0772)

NYDOCS1/300520.1

**TABLE OF CONTENTS**

PAGE:

TABLE OF AUTHORITIES .................................................................................................iii, iv

PRELIMINARY STATEMENT ................................................................................................1

JURISDICTION ..........................................................................................................................1

FACTS .....................................................................................................................................1, 2

APPLICABLE LAW ..................................................................................................................2

RELEVANT BILL OF LADING PROVISION.........................................................................3

POINT I

THE FORUM SELECTION CLAUSE IN AN OCEAN BILL OF
LADING IN ENTITLED TO A PRESUMPTION OF VALIDITY ......................................3, 4

POINT II

EUKOR's BILL OF LADING FORUM SELCTION CLAUSE
IS "MANDATORY AND EXCLUSIVE" ..............................................................................4-6

CONCLUSION............................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

American Home Assurance Co. v. M/V HANJIN MARSEILLES,
2004 U.S. Dist. LEXIS 9705 (S.D.N.Y. 2004) .................................................................. 5

Asoma Corp. v. M/V SOUTHGATE,
1999 U.S. Dist. LEXIS 18974 (S.D.N.Y. 1999) ................................................................ 4

*Bison Pulp & Paper Limited, et al. v. M/V PERGAMOS,*
1996 A.M.C. 2022, 2035 (S.D.N.Y. 1995) ......................................................................... 5

Carnival Cruise Lines, Inc. v. Eulala Shute,
499 U.S. 595, 1991 AMC 1691 (1991) .............................................................................. 3

F.D. Import & Export Corp. v. M/V REEFER SUN,
248 F.Supp. 2d 240 (S.D.N.Y. 2002) ................................................................................. 4

Fireman's Fund Ins. Co. v. Cho Yang Shipping Co.,
131 F.3d 1336, 1998 AMC 583 (9th Cir. 1997) ................................................................. 6

Givaudan Delawanna v. Blijdendijk,
91 F.Supp. 663, 666, 1950 AMC 1235, 1238 (S.D.N.Y. 1959) ......................................... 2

Glyphics Media, Inc. v. M/V CONTI SINGAPORE,
2003 U.S. Dist. LEXIS 4387 (S.D.N.Y. 2003) .................................................................. 4

Hodes v. S.N.C. Achille Lauro Ed Altri-Gestione,
858 F.2d 905, 912-13 (3d Cir. 1988), cert. dismissed, 109 S.Ct. 1633 ............................. 3

Hyundai Corp., U.S.A. v. Hull Ins. Proceeds of M/V VULCA,
800 F.Supp. 124, 127 (D.N.J. 1992) .................................................................................. 3

Hyundai Corporation U.S.A. Inc v. M/V AN LONG, ET AL.,
1998 U.S. Dist. LEXIS 254, 1998 AMC 854 (S.D.N.Y. 1998) ......................................... 6

International Marine Underwriters v. M/V KASIF KALKAVAN, ET AL.,
989 F. Supp. 498 (S.D.N.Y. 1998) .................................................................................... 6

Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,
513 U.S. 527, 1995 A.M.C. 913 (1995) ............................................................................. 1

LPR, SRL v. M/V CHALLENGER OVERSEAS, LLC., et al.,
2000 AMC 2887, 2890 (S.D.N.Y. 2000) ........................................................................... 5

M/S BREMEN v. Zapata Off-Shore Co.,
407 U.S. 1 (1972) .................................................................................................. 3, 4

Metropolitan Wholesale Supply, Inc. v. M/V ROYAL RAINBOW,
12 F.3d 58, 61 (5th Cir. 1994) ................................................................................... 2

Norfolk S. Ry. Co. v. Kirby,
125 S. Ct. 385, 160 L. Ed. 2d 283 (2004) ................................................................. 1

Robalen, Inc. v. Generale de Banque, S.A.,
1998 U.S. Dist. LEXIS 3931 (S.D.N.Y. March 27, 1998) ........................................ 4

Southern Pacific Transp. Co. v. Commercial Metals,
456 U.S. 336, 342-43 (1982) ..................................................................................... 2

Stemcor U.S.A v. Hyundai Merchant Marine Co. Ltd.,
383 F. Supp. 2d 229 (S.D.N.Y., 2005) ....................................................................... 6

Thyssen, Inc. v. Calypso Shipping Corp.,
310 F.3d 102 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003) ........................... 4

Thyssen, Inc. v. M./V ALPHA JUPITER,
1998 AMC 1102 (S.D.N.Y. 1997) ......................................................................... 4, 5

Thyssen, Inc. v. M/V MARKOS N,
1999 U.S. Dist. LEXIS 12578, af'd sub nom ............................................................. 4

Tradearbed, ET AL. v. M/V AGIA SOPHIA, ET AL.,
1997 U.S. Dist. LEXIS 23001 ................................................................................... 6

United Van Lines, Inc. v. Hellman,
949 F.Supp. 126, 129 (E.D.N.Y. 1996) ..................................................................... 2

Vimar Seguros y Reaseguros v. M/V SKY REEFER,
515 U.S. 528 (1995) ............................................................................................... 3, 4

Wemhoener Pressen v. Ceres Marine Terminals, Inc.,
5 F.3d 734, 738 (4th Cir. 1993) ................................................................................. 2

**Statutes and Rules**
Fed. R. Civ. P. 9(h) ..................................................................................................... 1

The United States Carriage of Goods by Sea Act (COGSA)
46 U.S.C. §1300 ......................................................................................................... 2

## PRELIMINARY STATEMENT

Defendant, EUKOR CAR CARRIERS, INC. (hereinafter referred to as "EUKOR"), submits this Memorandum of Law in support of its Motion to Dismiss the Verified Complaint of Plaintiffs KIA MOTORS CORPORATION, KIA MOTORS AMERICA INC., and HYUNDAI MARINE & FIRE INSURANCE CO. LTD. (hereinafter referred to as "PLAINTIFFS") on the basis of a mandatory jurisdiction clause contained in the bill of lading contract of carriage requiring any litigation against EUKOR to be brought before the Seoul Civil District Court in Korea..

## JURISDICTION

Plaintiff's claim falls under the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and the federal maritime law governs this action. Norfolk S. Ry. Co. v. Kirby, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004); Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 1995 A.M.C. 913 (1995).

## FACTS

The subject litigation is a maritime cargo claim alleging seawater damage to forty Kia passenger vehicles out of a shipment of 1363 automobiles (hereinafter referred to as "SHIPMENT"). The 1363 Kia passenger vehicles were loaded on the vessel M/V MORNING IVY at Pyungtaek, Korea on or about July 16, 2006 for an intended ocean voyage to Brunswick, Georgia. PLAINTIFFS filed suit against EUKOR and defendant

ENGAGED FUTURE, the owner of the M/V MORNING IVY, claiming damages to the SHIPMENT. The SHIPMENT was carried pursuant to the terms and conditions of the EUKOR Sea Waybill EUKOKRUS264567W dated July 16, 2006, which incorporates the terms of the EUKOR standard bill of lading. See Declaration of JAY H. MOON dated March 14, 2008 and attached Sea Waybill EUKOKRUS264567W (Exhibit A) and the standard EUKOR bill of lading (Exhibit B).

## APPLICABLE LAW

As the bill of lading contract is evidence of a voyage from Korea to the United States, the provisions of the United States Carriage of Goods by Sea Act (COGSA) applies by force of law pursuant to 46 USC §1300. This provision applies COGSA to "every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States in foreign trade."

Under COGSA, the bill of lading sets forth the contractual terms between the parties to a shipment and the parties are bound by the bill of lading's provisions. See, Southern Pacific Transp. Co. v. Commercial Metals, 456 U.S. 336, 342-43 (1982); Wemhoener Pressen v. Ceres Marine Terminals, Inc., 5 F.3d 734, 738 (4th Cir. 1993); Metropolitan Wholesale Supply, Inc. v. M/V ROYAL RAINBOW, 12 F.3d 58, 61 (5th Cir. 1994); Hyundai Corp., U.S.A. v. Hull Ins. Proceeds of M/V VULCA, 800 F.Supp. 124, 127 (D.N.J. 1992); Givaudan Delawanna v. Blijdendijk, 91 F.Supp. 663, 666, 1950 AMC 1235, 1238 (S.D.N.Y. 1959); See also, United Van Lines, Inc. v. Hellman, 949 F.Supp. 126, 129 (E.D.N.Y. 1996) ("It is well-accepted that a bill of lading may not be modified by extrinsic or parol evidence.").

## RELEVANT BILL OF LADING PROVISION

Clause 25 of the EUKOR standard bill of lading, the terms of which are incorporated in EUKOR Sea Waybill EUKOKRUS264567W provides as follows with respect to law and jurisdiction:

> **25. GOVERNING LAW AND JURISDICTION**
> The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by the law of Korea except otherwise provided in this Bill of Lading. Any and all action concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise shall be brought before the Seoul Civil District Court in Korea.

## ARGUMENT

### POINT I

### THE FORUM SELECTION CLAUSE IN AN OCEAN BILL OF LADING IS ENTITLED TO A PRESUMPTION OF VALIDITY

As a general rule, forum selection clauses are presumed to be *prima facie* valid under federal maritime law. See M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1 (1972). See also Vimar Seguros y Reaseguros v. M/V SKY REEFER, 515 U.S. 528 (1995) (extending rational of BREMEN to international forum selection clauses contained in bills of lading); Hodes v. S.N.C. Achille Lauro Ed Altri-Gestione, 858 F.2d 905, 912-13 (3d Cir. 1988), cert. dismissed, 109 S.Ct. 1633, overruled on other grounds, 109 S.Ct. 1976 (1989); Carnival Cruise Lines, Inc. v. Eulala Shute, 499 U.S. 595, 1991 AMC 1691 (1991).

In accord with the Supreme Court's findings in <u>M/S BREMEN</u> and <u>M/V SKY REEFER</u>, the courts in the Second Circuit have consistently held forum selection clauses are "presumptively valid."  <u>Glyphics Media, Inc. v. M/V CONTI SINGAPORE</u>, 2003 U.S. Dist. LEXIS 4387 (S.D.N.Y. 2003), quoting <u>Asoma Corp.v. M/V SOUTHGATE</u>, 1999 U.S. Dist. LEXIS 18974 (S.D.N.Y. 1999).

Moreover, it is well-settled that a "broad" forum selection or arbitration clause, governing all disputes arising under the bill of lading, covers claims connected to the carriage, even when claims are alleged to fall outside the contract on bailment or tort theories.  See, <u>Thyssen, Inc. v. M/V MARKOS N</u>, 1999 U.S. Dist. LEXIS 12578, af'd sub nom., <u>Thyssen, Inc. v. Calypso Shipping Corp.</u>, 310 F.3d 102 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003); <u>Robalen, Inc. v. Generale de Banque, S.A.</u>, 1998 U.S. Dist. LEXIS 3931 (S.D.N.Y. March 27, 1998); <u>F.D. Import & Export Corp. v. M/V REEFER SUN</u>, 248 F.Supp. 2d 240 (S.D.N.Y. 2002); <u>Thyssen, Inc. v. M./V ALPHA JUPITER</u>, 1998 AMC 1102 (S.D.N.Y. 1997).  In the present case, there is no legitimate basis for challenging the enforceability of the forum selection clause.

### POINT II

### EUKOR's BILL OF LADING FORUM SELECTION CLAUSE IS "MANDATORY AND EXCLUSIVE"

Clause 1 of the EUKOR bill of lading (WEI ZHANG Exhibit B) defines "Carrier" to mean EUKOR Car Carriers Inc.  The "Governing Law and Jurisdiction" Clause 25 provides that "**Any and all** concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise **shall** be brought before the Seoul

Civil District Court in Korea." See Clause 25 of the EUKOR bill of lading (JAY H. MOON Declaration, Exhibit B). This language evidences a clear intent that all claims arising under the contract of carriage must be brought exclusively before the Seoul Civil District Court in Korea..

The language "shall" in the bill of lading creates a mandatory and exclusive" forum selection clause, which must be enforced as such. See <u>American Home Assurance Co. v. M/V HANJIN MARSEILLES</u>, 2004 U.S. Dist. LEXIS 9705 (S.D.N.Y. 2004)("Forum selection clauses that contain the term "shall" generally are held to be mandatory clauses that must be enforced." <u>Id</u>. at *12).

EUKOR's position regarding the mandatory and exclusive nature of its forum selection clause is further supported by <u>LPR, SRL v. M/V CHALLENGER OVERSEAS, LLC., et al.</u>, 2000 AMC 2887, 2890 (S.D.N.Y. 2000). In this decision, the Southern District Court of New York stated:

> The language of the forum selection clause does not merely indicate that the Court in the People's Republic of China shall have jurisdiction over all disputes. Instead, it mandates that such disputes must be resolved in that forum. *See, e.g., Bison Pulp & Paper Limited, et al. v. M/V PERGAMOS,* 1996 A.M.C. 2022, 2035(S.D.N.Y. 1995). The clause in this case requires that '<u>any action</u>' against the carrier '<u>shall be brought</u>' in a maritime court in the People's Republic of China. To hear such a dispute in any other court would be inconsistent with the explicit forum selection clause. The clause does not simply create jurisdiction in the court in China, it creates exclusive jurisdiction. *See, Thyssen, Inc. v. M/V ALPHA JUPITER,* 1998 A.M.C. 1102, 1104, 1997 WL 882 595, *7 (S.D.N.Y. 1997). (Emphasis added).

The above language 'any action' and 'shall be brought' in the M/V CHALLENGER OVERSEAS matter is virtually identical to the language contained in Clause 25 of the EUKOR bill of lading.

While the EUKOR Governing Law and Jurisdiction clause is virtually identical to that in the M/V CHALLENGER OVERSEAS case, it is absolutely word for word identical to the Governing Law and Jurisdiction clause found in Clause 25 of the bill of lading of Hyundai Merchant Marine ("HMM"), another Korean carrier. The HMM Governing Law and Jurisdiction clause has been upheld on numerous occasions in this and other jurisdictions, and by this court. In each case, the decisions have not only held the clause enforceable, but have held that requiring suit to be brought in the Korean forum does not lessen the liability of the carrier under Section 3(8) of COGSA. See Tradearbed, ET AL. v. M/V AGIA SOPHIA, ET AL., 1997 U.S. Dist. LEXIS 23001, 1997 AMC 2838 (D.N.J. 1997); International Marine Underwriters v. M/V KASIF KALKAVAN, ET AL., 989 F. Supp. 498 (S.D.N.Y. 1998); Hyundai Corporation U.S.A. Inc v. M/V AN LONG, ET AL., 1998 U.S. Dist. LEXIS 254, 1998 AMC 854 (S.D.N,.Y. 1998); Stemcor U.S.A v. Hyundai Merchant Marine Co. Ltd., 383 F. Supp. 2d 229 (S.D.N.Y., 2005); Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1998 AMC 583 (9th Cir. 1997).

## **CONCLUSION**

For the reasons set forth herein, the claims asserted against EUKOR in this litigation should be dismissed pursuant to the forum selection clause contained in the EUKOR bill of lading contract of carriage.

DATED:  New York, New York
        March 14, 2008

                                    FREEHILL HOGAN & MAHAR, LLP
                                    Attorneys for Eukor Car Carriers, Inc.

                        BY:         _____
                                    William L. Juska, Jr. (WJ 0772)
                                    80 Pine Street
                                    New York, New York 10005
                                    (212) 425-1900

TO:   Eaton & Van Winkle LLP
      Attorneys for Plaintiffs
      3 Park Avenue
      New York, NY 10016-2078
      Attn: Michael O. Hardison, Esq.